UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| AMY PUTMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO: 1:22-cv-118 |
| | ) |
| AUBURN VILLAGE LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**I.         NATURE OF THE CASE**

1. Plaintiff, Amy Putman ("Plaintiff" or "Putman"), by and through counsel, brings this action against Defendant, Auburn Village LLC ("Defendant" or "Auburn"), alleging violations of the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. § 621 *et seq*. and Indiana Law.

**II.         PARTIES**

2. Putman is a resident of Dekalb County in the State of Indiana, who at all times relevant to this litigation resided within the geographical boundaries of the Northern District of Indiana.

3. Defendant maintains offices and routinely conducts business within the geographical boundaries of the Northern District of Indiana.

**III.         JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; and, 29 U.S.C. § 626 (c).

1

5. Jurisdiction is conferred over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because her state law claim arises from the same common nucleus of operative facts as her federal law claim and all of her claims form a single case and controversy under Article III of the United States Constitution.

6. Defendant is an "employer" as that term is defined by 29 U.S.C. § 630 (b).

7. Plaintiff was an "employee" as that term is defined by 29 U.S.C. §630 (f).

8. Defendant seeks reimbursement under Medicare and/or Medicaid for patients and, as such, is under public contract.

9. Plaintiff exhausted her administrative remedies by timely filing a Charge of Discrimination against Defendant with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on age. Plaintiff received her Notice of Suit Rights and timely files this action within ninety (90) days of receipt.

10. A substantial part of the events, transactions, and occurrences concerning this lawsuit arose in the geographical environs of the Northern District of Indiana; thus, venue is proper in this Court.

### IV.   FACTUAL ALLEGATIONS

11. Plaintiff was born in the year 1975.

12. Defendant hired Plaintiff as a Respiratory Therapist in or about May 2016.

13. During her time as a Respiratory Therapist, Plaintiff continually met or exceeded Defendant's performance expectations. In fact, Plaintiff had a history of receiving exceptional performance reviews while employed by Defendant. On or about May 26, 2021, Plaintiff received the highest performance rating in her department as well as a 2.5% raise.

14. On or about May 30, 2021, Defendant was short staffed with only one CNA serving over 70 residents at Defendant's facility. In addition to performing her regular job duties, Plaintiff assisted the CNA with her required tasks. During this time, a resident asked Plaintiff to file a complaint against a different CNA, Stevie (last name unknown). The resident told Plaintiff that Stevie had failed to return after indicating to the resident that she would help the patient use the restroom.

15. In writing, Plaintiff reported to Defendant the incident relayed to her by the resident.

16. Several days later, on or about June 2, 2021, Defendant terminated Plaintiff's employment. Defendant alleged that Plaintiff was fired due to her "attitude" and for "failing to provide basic care" to the residents.

17. Similarly situated, younger employees were not terminated for engaging in behavior similar to Defendant's allegations against Plaintiff.

18. For instance, Plaintiff's co-worker, Isaiah, was often witnessed by staff and residents to be using his phone for recreational purposes at times he was supposed to be assisting facility residents. Similarly, Stevie was not terminated for "failing to provide basic care" despite disregarding her duties and having a complaint filed against her.

## V. CAUSES OF ACTION

### COUNT I: ADEA - DISCRIMINATION

19. Plaintiff hereby incorporates paragraphs one (1) through eighteen (18) of her Complaint.

20. Plaintiff is a member of a protected class based on her age.

21. Plaintiff was well-qualified for her position and, at all times relevant, met and exceeded Defendant's performance expectations.

22. Plaintiff suffered an adverse employment action when she was wrongfully terminated by Defendant.

23. Other similarly situated, non-protected employees were not subjected to the same treatment.

24. Defendant's actions were intentional, willful, and taken in reckless disregard of Plaintiff's rights.

25. Defendant's unlawful actions have violated Plaintiff's rights as protected by the ADEA, 29 U.S.C. § 621.

26. Plaintiff has suffered damages as a result of Defendant's unlawful actions.

## COUNT II: WRONGFUL TERMINATION

27. Plaintiff hereby incorporates paragraphs one (1) through twenty-six (26) of her Complaint.

28. Plaintiff had a duty to report incidents of abuse and/or neglect.

29. Plaintiff reported such an act, in writing, to her supervisor.

30. Defendant terminated Plaintiff for engaging in a practice when failing to do so may be a violation of 42 C.F.R. § 483.12(a)(4) and have led to discipline on her Registered Respiratory Therapist License.

31. Plaintiff has suffered damages as a result of Defendant's unlawful actions.

## COUNT III: RETALIATION

32. Plaintiff hereby incorporates paragraphs one (1) through thirty-one (31) of her Complaint.

33. Defendant is a private employer that is under a public contract with the State of Indiana and receives funding from Indiana.

34. Pursuant to 42 C.F.R. § 483.12, a resident in a center that provides Medicare and Medicaid Services has the right to be free from abuse and neglect.

35. Furthermore, 42 C.F.R. § 483.12(a)(4) states that a facility must report to licensing authorities any knowledge it has that indicates unfitness for service by a nurse or other facility staff.

36. Plaintiff's written complaint involving the abuse or neglect of residents was protected conduct pursuant to IC § 22-5-3-3 and 42 C.F.R. § 483.12.

37. Defendant retaliated against Plaintiff for having reported the suspected abuse in writing to Defendant in violation of IC § 22-5-3-3(b)(1) and 42 C.F.R. § 483.12.

38. Plaintiff made a reasonable attempt to ascertain the correctness of the information she furnished in writing prior to submitting the complaint.

## VI.   REQUESTED RELIEF

**WHEREFORE**, Plaintiff, Amy Putman, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1) Reinstate Plaintiff to the position, salary, and seniority level she would have had but for Defendant's unlawful actions; and/or award front pay to Plaintiff in lieu thereof;

2) All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3) Compensation for any and all other damages suffered because of Defendant's unlawful actions;

4) Liquidated damages for Defendant's violations of the ADEA, 29 U.S.C. § 621;

5) All attorney's fees and costs incurred as a result of bringing this action;

6) Pre- and Post-Judgment interest on all sums recoverable; and,

7) All other legal and/or equitable relief this Court sees fit to grant.

                Respectfully submitted,

                /s *Diana Kozlova*
                Andrew Dutkanych, Attorney No. 23551-49
                Diana Kozlova, Attorney No. 36668-02
                BIESECKER DUTKANYCH & MACER, LLC
                144 North Delaware Street
                Indianapolis, Indiana 46204
                Telephone:    (317) 991-4765
                Facsimile:    (812) 424-1005
                Email: ad@bdlegal.com
                Email: dkozlova@bdlegal.com

                *Attorneys for Plaintiff, Amy Putman*

## DEMAND FOR JURY TRIAL

Plaintiff, Amy Putman, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

/s *Diana Kozlova*
Andrew Dutkanych, Attorney No. 23551-49
Diana Kozlova, Attorney No. 36668-02
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:   (317) 991-4765
Facsimile:    (812) 424-1005
Email: ad@bdlegal.com
Email: dkozlova@bdlegal.com

*Attorneys for Plaintiff, Amy Putman*